O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHILLIP ABEL GASTELUM,<br><br>　　　Petitioner,<br><br>　　　v.<br><br>JACK FOX, Warden,<br><br>　　　Respondent. | NO. CV 14-5491-JGB (AGR)<br><br>**OPINION AND ORDER ON PETITION FOR WRIT OF HABEAS CORPUS (28 U.S.C. § 2241)** |

　　　The Court grants Respondent's motion to dismiss this habeas action as moot. As discussed below, the prison-disciplinary ruling and resulting punishment that Petitioner challenges have now been expunged, and Petitioner failed to oppose the motion for dismissal.

　　　On July 15, 2014, Petitioner filed a Petition for Writ of Habeas Corpus by a Person in Federal Custody challenging a prison disciplinary finding – that he had refused to provide a required urine sample -- and the resulting punishment. (Petition at 4.) Petitioner does not request any specific relief, but he claims that prison authorities denied him due process in violation of the Fifth Amendment and punished him excessively in violation of the Eighth Amendment. (*Id.*)

　　　On July 21, 2015, Respondent filed a motion to dismiss based on

mootness. (Dkt. No. 16.) Respondent states that after reviewing proceedings in this action, the Bureau of Prisons expunged the incident report, the discipline hearing, and the sanctions, including restoring Petitioner's good conduct credit. (*Id.* at 2-3.)

Mootness is jurisdictional. *See Koppers Indus. v. U.S.E.P.A.*, 902 F.2d 756, 758 (9th Cir. 1990). The fundamental issue in deciding mootness is whether there is a current controversy to which effective relief can be granted. *American Rivers v. National Marine Fishery Serv.*, 126 F.3d 1118, 1123 (9th Cir. 1997) ("If an event occurs that prevents the court from granting effective relief, the claim is moot and must be dismissed."). "This means that, throughout the litigation, the Plaintiff must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (citation and quotation marks omitted).

In the context of whether a habeas petition is moot, the "analysis is specifically limited to the sort of equitable relief we may grant in response to a habeas petition." *Burnett v. Lampert*, 432 F.3d 996, 999 (9th Cir. 2005). A habeas petition is moot when the petitioner "seeks relief [that] cannot be redressed by a favorable decision of the court issuing a writ of habeas corpus." *Id.* at 1000-01 (citation, quotation marks, and ellipses omitted).

On July 27, 2015, six days after the filing of the dismissal motion, the Court ordered Petitioner to file his opposition by August 21, 2015. (Dkt. No. 17.) On September 9, 2015, the Court issued an order noting that Petitioner had not filed a timely opposition; ordering him to do so by September 29, 2015; and advising him that failure to do so "may be construed as consent to granting the motion and may result in dismissal of the action." *See* Civ. L.R 7-12. Petitioner never filed an opposition. The Court deems his failure to oppose, after the Court issued two orders specifically calling for his opposition, to be his consent to granting the motion.

For the foregoing reasons, IT IS HEREBY ORDERED that Respondent's motion to dismiss (Dkt. No. 16) is GRANTED and that judgment be entered denying the petition for writ of habeas corpus.

DATED: December 23, 2015

JESUS G. BERNAL
United States District Judge